# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WHIPPLE LAW, P.A. and MSW CAPITAL, LLC<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff TROY THOMPSON, (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through the undersigned attorneys against Defendant WHIPPLE LAW, P.A. (hereinafter "Whipple") and MSW CAPITAL, LLC (hereinafter "MSW"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Whipple is a collection law firm with its registered office located at 212 South Tryon Street, Suite 1000, Charlotte, North Carolina 28281.

8. Upon information and belief, Whipple is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Whipple is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant MSW is a limited liability company, is a debt buyer with its principal place of business at 1900 Main Street, Suite 750, Sarasota, Florida 34236 and whose registered agent for service of process is Cogency Global, Inc., 115 North Calhoun Street, Tallahassee, Florida 32301.

11. MSW is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to March 6, 2018, an obligation was allegedly incurred to CELTIC BANK.

14. The CELTIC BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, medical, family or household purposes.

15. The alleged CELTIC BANK obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. CELTIC BANK is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Some time prior to March 6, 2018, the CELTIC BANK debt was purchased by MSW CAPITAL, LLC.

18. On or about March 6, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged MSW CAPITAL, LLC debt. *See* **Exhibit A.**

19. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

20. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21. Upon information and belief, this was the first communication Plaintiff received from Defendant.

22. The Letter was sent on legal letterhead stating in part:

> "WHIPPLE LAW, P.A.
> ATTORNEYS AT LAW"

23. The Letter further stated:

> "This is to notify you that your Surge account with Celtic Bank, account *********07766361, with a charge off date on January 31, 2018 and an original creditor balance of $738.63 has been purchased by MSW Capital, LLC and has

3

> been placed with the law firm of Whipple Law, P.A. for collection."

24. Upon information and belief, this was the first communication between Whipple and the Plaintiff regarding the alleged MSW debt.

25. Pursuant to 15 U.S.C. §1692g of the FDCPA, a debt collector must within five days of the initial communication notify the consumer as to the amount of the debt.

26. The obligation is not to merely state the original balance, but to clearly and adequately notify the consumer of the *current* balance.

27. By merely stating the original creditor balance, and not the current balance as of March 06, 2018, Whipple and MSW failed to adequately meet their statutory requirements under the FDCPA.

28. The FDCPA gives consumers a statutory right to receive certain information, including the amount of the alleged debt, which the Plaintiff was deprived of in this case.

29. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

30. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

31. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

32. As a result of the Defendants' violations of the FDCPA, the Plaintiff was harmed.

33. Defendants; actions as described herein are part of a pattern and practice used to collect

consumer debts.

## CLASS ALLEGATIONS

34. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the State of New Jersey b) who were sent an initial collection letter from Whipple c) attempting to collect a consumer debt owed to or allegedly owed to MSW d) that stated the original creditor balance without otherwise notifying the consumer of what the current balance is e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

35. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

36. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e and 1692g.

38. The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories.

39. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff

6

      has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

46. The Defendant violated said section by:

- Falsely representing the amount, character, or legal status of the debt in violation of §1692e(2)

- The use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a debt in violation of §1692e(10).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

48. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. The Defendant violated section 1692g(a)(1) by failing to send written notice listing the current amount of the debt.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 29, 2018            */s/ Ari Marcus*
                               Ari Marcus, Esq.
                               MARCUS & ZELMAN, LLC
                               701 Cookman Avenue, Suite 300
                               Asbury Park, New Jersey 07712
                               (732) 695-3282 telephone
                               (732) 298-6256 facsimile
                               *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 29, 2018            */s/ Ari Marcus*

Ari Marcus, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 29, 2018      */s/ Ari Marcus*
                         Ari Marcus, Esq.